IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAPHUS ELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 02-362-SLR |
| | ) |
| RICK KEARNEY, MIKE DELOY, | ) |
| PHILLIP TOWNSON, SGT. JOHN | ) |
| DOE, LT. JOHN DOE, GOSNELL, | ) |
| C/O ANSON, CPL., CORRECTIONAL | ) |
| MEDICAL SERVICES, DR. IVENS, | ) |
| SUESANN RICHARDS, GEORGIA | ) |
| PERDUE, DR. BURNS, STATE OF | ) |
| DELAWARE, SCI, MEDICAL | ) |
| ADMINISTRATOR, | ) |
| | ) |
| Defendants. | ) |

Raphus Eley, 50 Bethany Road, Selbyville, Delaware. Plaintiff, pro se.

Dana M. Spring, Esquire, Daniel L. McKentry, Esquire and Steven Mones, Esquire of McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendant Suesann Rickards.

MEMORANDUM OPINION

Dated: September 15, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On May 1, 2002, Raphus Eley, a pro se plaintiff proceeding in forma pauperis, filed the present action against defendants Rick Kearney, Mike Deloy, Carl Anson, William Gosnell, Philip Townsend, Suesane Rickards, Georgia Perdue, Dr. Ivens, Dr. Burns, Correctional Medical Services, Sussex Correctional Institution ("SCI"), and the State of Delaware.[1] (D.I. 2) Presently before the court is defendant Rickards' motion to dismiss the complaint. (D.I. 80) Although afforded ample opportunity, plaintiff has not filed opposition to the motion. The court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331. For the reasons that follow, defendant Rickards' motion is granted.

## II. BACKGROUND

On September 16, 1999, Plaintiff was an inmate housed at SCI. (D.I. 2) Plaintiff's cell was located in a housing unit that was under construction. (Id.; D.I. 69 at 4) During a heavy rainfall, one of the newly constructed walls of plaintiff's housing unit began to leak. (D.I. 69 at 4, ex. A) Plaintiff exited his cell only to slip on rainwater that had accumulated at the top of a flight of stairs. (D.I. 2, ex. A) Plaintiff fell down the flight of stairs and injured his back. (Id.) He

---

[1] Defendants Kearney, Deloy, Anson, Gosnell, and Townsend will collectively be referred to as "the State defendants". The court granted summary judgment to these defendants on April 25, 2005. (D.I. 85)

received medical treatment and, subsequently, filed medical grievances and requests for outpatient physical therapy.

### III. STANDARD OF REVIEW

Because the defendant has referred to matters outside the pleadings, her motion to dismiss shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and

all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

To state a violation of the Eighth Amendment right to adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff must demonstrate: (1) that he had a serious medical need; and (2) that the defendant was aware of this need and was deliberately indifferent to it. See West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). Either actual intent or recklessness will afford an adequate basis to show deliberate

3

indifference. See Estelle, 429 U.S. at 105.

The seriousness of a medical need may be demonstrated by showing that the need is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)). Moreover, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

As to the second requirement, an official's denial of an inmate's reasonable requests for medical treatment constitutes deliberate indifference if such denial subjects the inmate to undue suffering or a threat of tangible residual injury. Id. at 346. Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical treatment. Id. at 347. However, an official's conduct does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know . . . of and disregard . . . an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also

4

draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that a[n] . . . official knew of a substantial risk from the very fact that the risk was obvious." <u>Id.</u> at 842.

Further, the law is clear that mere medical malpractice is insufficient to present a constitutional violation. <u>See</u> <u>Estelle</u>, 429 U.S. at 106; <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 67 (3d Cir. 1993). Prison authorities are given extensive liberty in the treatment of prisoners. <u>See</u> <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979); <u>see</u> <u>also</u> <u>White</u>, 897 F.2d at 110 ("[C]ertainly no claim is stated when a *doctor* disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness."). The proper forum for a medical malpractice claim is in state court under the applicable tort law. <u>See</u> <u>Estelle</u>, 429 U.S. at 107.

Plaintiff alleges that defendant Rickards failed to schedule outpatient physical therapy for his back problem. (D.I. 2) For over two years, plaintiff claims his requests for physical therapy were denied by defendant.

In response, defendant avers that summary judgment is

5

appropriate because her conduct does not implicate the Eighth Amendment.  Specifically, defendant states:

> I am the employed as a Health Services Administrator for First Correctional Medical ("FCM"), the health care provider for the Delaware correctional system, at the SCI.  My duties include supervising over fifty employees.  My responsibilities do not include scheduling inmates for outpatient care.  At SCI outpatient care requires a consult request by a health care provider.  Once a consult request is made, approval for the consult must be obtained by the state medical director.  Once approval is received at SCI, the Facility Operations Supervisor schedules the out patient care.

(D.I. 80, Ex. 3)

This uncontraverted statement establishes that defendant Rickards was not responsible for scheduling inmates for outpatient care and, therefore, plaintiff's claims against her fail.

V. **CONCLUSION**

For the reasons stated, defendant Rickards' motion for summary judgment is granted.  (D.I. 80)  An appropriate order shall issue.