# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

RAPHUS ELEY, )
)
      Plaintiff, )
)
v. ) Civ. No. 02-362-SLR
)
DR. IVENS and DR. BURNS, )
)
      Defendants. )

## **MEMORANDUM ORDER**

At Wilmington this $3\nu\nu$ day of March, 2008, having reviewed defendants'
motion to dismiss for failure to prosecute, a motion to which plaintiff has not responded;

IT IS ORDERED that said motion (D.I. 140) is granted for the reasons that follow:

1. **Background**. Pro se plaintiff Raphus Eley filed this 42 U.S.C. § 1983 action
claiming violations of his Eighth Amendment right to adequate medical care. (D.I. 2, 6)
Plaintiff alleges that on September 16, 1999, while an inmate housed at the Sussex
County Correctional Center ("SCI"), his cell was located in a housing unit that was
under construction. (D.I. 96) During a heavy rainfall, one of the newly constructed
walls of plaintiff's housing unit began to leak. Plaintiff exited his cell only to slip on
rainwater that had accumulated at the top of a flight of stairs. Plaintiff fell down the
flight of stairs and injured his back. He received medical treatment and, subsequently,
filed medical grievances and requests for outpatient physical therapy.

2. In May 2002, plaintiff filed suit against defendants Rick Kearney, Mike Deloy,

Carl Anson, William Gosnell, Philip Townsend, Suesann Rickards, Georgia Perdue, Dr. Ivens, Dr. Burns, Correctional Medical Services ("CMS"), SCI and the State of Delaware. On July 9, 2003, plaintiff moved for the appointment of counsel, which the court denied without prejudice to renew.[1] (D.I. 15, 32) Plaintiff appealed the ruling to the United States Court of Appeals for the Third Circuit.[2] (D.I. 35)

3. On September 26, 2004, the Third Circuit ruled that this court's order denying plaintiff's motion for appointment of counsel was not a final, appealable order and dismissed the appeal for lack of appellate jurisdiction. (D.I. 44) Subsequently, plaintiff effectuated service on defendants.[3] Dispositive motions and discovery deadlines were imposed, and discovery was exchanged between the parties. (D.I. 62, 81)

4. On April 25, 2005, the court granted summary judgment to defendants Kearney, Deloy, Anson, Gosnell and Townsend. (D.I. 84, 85) On September 15, 2005, defendant Rickards was granted summary judgment. (D.I. 96, 97) The court issued an order to show cause to plaintiff for failure to timely serve defendants Sgt. John Doe, Lt. John Doe, Dr. Ivens, Georgia Perdue and Medical Administrator. (D.I. 104) Plaintiff responded, requesting that defendants Sgt John Doe, Lt. John Doe and Georgia Perdue be dismissed. (D.I. 105) In September, 2005, plaintiff filed a motion directed to Dr. Burns for the production of documents. (D.I. 100)

_____

[1]Plaintiff filed four additional motions for appointment of counsel, each denied without prejudice to renew. (D.I. 15, 98, 108, 112, 117)

[2]Contemporaneously, defendants SCI and State of Delaware were dismissed without prejudice due to plaintiff's failure to submit the required USM-285 forms. (D.I. 36)

[3]Plaintiff effectuated service on Dr. Ivens in 2006.

5. On March 31, 2006, the court issued an order to show cause to plaintiff for failure to provide sufficient information to effectuate service on defendant Dr. Ivens. (D.I. 11) Based on plaintiff's response to the order to show cause, the court ordered CMS to provide the court with the last known address of Dr. Ivens. (D.I. 111, 114) On September 5, 2006, the court granted plaintiff's motion for the production of documents and ordered defendant Dr. Burns to provide a response to plaintiff's discovery requests within 30 days. (D.I. 114)

6. On October 16, 2006, CMS supplied defendant Dr. Ivens' address and a supplemental service order issued. (D.I. 121, 124-126) Defendant Dr. Ivens answered the complaint and filed requests for production of documents on March 23, 2007. (D.I. 128, 129) On June 14, 2007, defendants Dr. Ivens and Dr. Burns moved for summary judgment. (D.I. 131) The court denied the motion without prejudice to renew and entered a scheduling order setting deadlines for the exchange of discovery and the filing of dispositive motions. (D.I. 132)

7. Defendants Dr. Ivens and Dr. Burns wrote to plaintiff on August 15, 2007 regarding discovery:

> Previously, on or about March 23, 2007, I forwarded a Request for Admissions, Interrogatories and Request for Production of Documents of Defendants, Keith Ivens, M. D. and Roberta Burns, M. D. Addressed to Plaintiff to you. D. I. #129. Responses were due in thirty (30) days. Over four (4) months have passed and you, as plaintiff, have not responded to these discovery requests. Please provide full and complete responses to these three (3) discovery requests within fifteen (15) days of this letter.

(D.I. 135) Plaintiff did not file a response to the letter. On October 4, 2007, defendants Dr. Ivens and Dr. Burns filed a motion to deem requests for admissions admitted . (D.I.

3

134) They also moved to compel plaintiff's responses to interrogatories and for production of documents. (D.I. 135)

8. In November 2007, the motion to compel was granted. The motion to deem requests for admission admitted, however, was denied, as the requests for admission addressed the ultimate legal issues in the case and, therefore, were not appropriate in the context of litigation with a pro se litigant. (D.I. 137) Because plaintiff failed to respond to defendants' motions, the court ordered plaintiff to show cause why the case against defendants Burns and Ivens should not be dismissed for failure to prosecute. (D.I. 137) Plaintiff responded as follows:

> The plaintiff respectfully states that defedant[s] request where (sic) unfitted to a purpose toward[s] the pro se litigant's legal litigation. Therefore plaintiff felt he had no obligation or was not bind to the course of action for defendant[s] request. Therefore plaintiff relied on the court's decision on deciding defendant[s] request for admission.

(D.I. 138) On January 7, 2008, defendants Dr. Ivens and Dr. Burns moved to dismiss for lack of prosecution. (D.I. 140) Plaintiff has not filed a response.

9. **Standard of Review.** Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "a defendant may move for dismissal of an action or of any claim against the defendant" in instances where "the plaintiff [has failed] to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). The authority to dismiss under R. 41(b) is based on the inherent power of the court to manage its "own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962). Dismissal of an action is a matter entrusted to the sound discretion of the trial court. Curtis To. Bedwell & Sons, Inc., v. Fidelity Ins.

4

Co., 843 F.2d 683, 691 (3d Cir. 1988). Although an extreme sanction, dismissal is appropriate where a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995). Failure to prosecute an action can take many forms, e.g., a failure to comply with court orders, failure to respond to discovery, or a failure to act. It does not require a party take affirmative acts to delay a case. Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). In reviewing a motion under Rule 41(b), the court must examine the procedural history of the case. Marshall v. Sielaff, 492 F. 2d 917, 918 (3d Cir. 1974). The "decision to dismiss an action is made in the context of the court's ongoing contact with the litigant." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

10.  The United States Court of Appeals for the Third Circuit has instructed courts to evaluate the following factors when considering whether dismissal is appropriate under Rule 41(b):  (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). "Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the Poulis factors are not satisfied." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998). "Moreover, when a litigant's conduct makes adjudication of the case impossible, such a balancing under Poulis is unnecessary." Guyer v.

Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990).

11. **Discussion.** The court is persuaded that plaintiff's conduct satisfies the

Poulis factors and that this matter should be dismissed. Considering the first Poulis

factor, plaintiff is personally responsible for his failure to respond to defendants'

motions as well as his failure to move the case forward. Pro se litigants have a

"personal responsibility for the conduct of the litigation" because they represent

themselves. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992).

12. Regarding the second factor, defendants are prejudiced by plaintiff's failure

to prosecute the case. Plaintiff has failed to respond to defendants' discovery requests

and, consequently, impaired defendants' ability to prepare for trial. Ware v. Rodale

Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003) (prejudice occurs when a plaintiff's

failure to prosecute burdens the defendant's ability to prepare for trial). Considering

that almost ten years have passed since the incident giving rise to this action, the

unnecessary delay in litigating this case makes it difficult for defendants to conduct

factual discovery. Adams v. Trustees of the N.J. Brewery Employees' Pension Trust

Fund, 29 F.3d at 874 (delay in litigation can result in irretrievable loss of evidence and

inevitable dimming of witnesses' memories).

13. The third Poulis factor, a history of dilatoriness, supports a finding of

dismissal. The court considers a party's conduct over the course of an entire case in

assessing dilatoriness. The record reflects that two orders to show cause have been

issued to plaintiff in attempt to move the case forward. Although the record also reflects

that plaintiff has moved the case forward by filing motions and propounding discovery,

his more recent litigation participation has been virtually nonexistent.

14. With respect to the fourth factor of willful conduct, the court cannot judge whether plaintiff's failure to prosecute is willful or in bad faith. As to the fifth <u>Poulis</u> factor, there are not alternative sanctions the court could effectively impose. Assessing costs or other monetary sanctions against plaintiff would be ineffective because plaintiff is proceeding in forma pauperis. Finally, the sixth factor, the meritoriousness of plaintiff's claims, the court finds as neutral. Considering the lack of discovery, the court is unable to evaluate the merits of the claim.

15. **Conclusion.** Four of the six <u>Poulis</u> factors clearly weigh in favor of dismissal. Accordingly, the case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

United States District Court

7